UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| WILLIAM CHESTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. V-10-62 |
| § | |
| TWIN PINES NURSING HOME, § | |
| § | |
| Defendant. § | |
| § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Twin Pines Nursing and Rehabilitation Center, Inc.'s[1] ("Defendant") Motion to Dismiss Plaintiff's Complaint (Dkt. No. 5). Defendant's motion is ripe for ruling and deemed unopposed because the submission date has passed and Plaintiff William Chester ("Plaintiff") has not filed a response.[2] After considering the motion, record, and applicable law, the Court is of the opinion that Defendant's motion should be **GRANTED**.

**I. Factual and Procedural Background**

On August 4, 2010, Plaintiff filed suit against Defendant alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (Dkt. No. 1.) Plaintiff alleges that Defendant unfairly paid him, failed to promote him, and terminated his employment based upon his race and sex. (*Id.* ¶ 6.) Plaintiff further alleges that Defendant created false allegations against him in order to justify his termination only after he asked "to be paid correctly, to be promoted fairly, and treated with equal justice." (*Id.* ¶ 8.)

---

1. Defendant was improperly named in the caption of this lawsuit as "Twin Pines Nursing Home."
2. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The deadline for Plaintiff's response was October 6, 2010. To date, Plaintiff has not responded to Defendant's Motion to Dismiss.

Defendant now moves to dismiss Plaintiff's complaint, without leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in her favor. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737—38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is

---

3. Defendant also moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient process and insufficient service of process. Because the Court finds that dismissal with prejudice is appropriate under Rule 12(b)(6), it need not address Defendant's arguments under Rules 12(b)(4) and 12(b)(5).

plausible on its face" and "raise a right to relief above the speculative level." *Id.*; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

**III. Analysis**

Defendant argues that Plaintiff's Complaint is barred by the statute of limitations and therefore must be dismissed under Rule 12(b)(6). As noted *supra*, Plaintiff has not responded to Defendant's motion to dismiss, and the motion is therefore deemed unopposed. However, unopposed motions that dispose of litigation may not be automatically granted. *See John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707—10 (5th Cir. 1985). The Court will thus address the merits of Defendant's motion.

There are two statutory prerequisites for filing a Title VII action in federal court: (1) the filing of a complaint with the Equal Employment Opportunity Commission (EEOC); and (2) the receipt of the statutory notice of the right to sue ("Right-to-Sue Letter"). *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788—89 (5th Cir. 1996). Title VII further provides that a plaintiff has ninety days to file a civil action after receiving a Right-to-Sue Letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.* 296 F.3d 376, 379 (5th Cir. 2002) (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)). The requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *Id.* (citing *Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986)). However, because the statutory deadline for filing suit is limitational, and not jurisdictional, it is subject to waiver and equitable tolling. *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248, n.1 (5th Cir. 1985).

Although Plaintiff filed a copy of his EEOC charge with his Complaint, he did not provide the Court with a copy of his Right-to-Sue Letter. However, Plaintiff's Complaint states that he received this letter on May 5, 2010. (Dkt. No. 1 ¶ 5.) Plaintiff therefore had until August

3, 2010 to file his Complaint. Because Plaintiff did not file his Complaint until August 4, 2010, one day beyond the 90-day period, Plaintiff's Complaint is untimely and must be dismissed unless Plaintiff can show that he is entitled to equitable tolling. Plaintiff has not responded to Defendant's motion to dismiss, and he has alleged no grounds for equitable relief from this rule.

Accordingly, the Court finds that Plaintiff has not met a condition precedent to filing his Title VII claim. As a consequence, Plaintiff fails to state a claim under Title VII, and his suit must be dismissed with prejudice, since "a dismissal on statute of limitations grounds in federal court [ ] is a final adjudication on the merits . . . ." *Stephen D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 819—20 (5th Cir. 1989); *see also Nilse*, 701 F.2d at 562.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 5) is **GRANTED**, and this action is hereby **DISMISSED** with prejudice.

It is so **ORDERED**.

**SIGNED** this 21st day of October, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE